Caldwell, J.
This was an action brought by the plaintiffs as creditors of the defendant to subject the stock holders to the payment of their stock liability under the statute of the state. I will not undertake to go through with a history of the case, but simply state this: that at a certain state of the proceedings in this case, the creditors, all but one, Ferris, made an agreement with the stock holders that they would acept from the holders of the common stock of the company, 75 per cent, of the amount that they would, or could, be required to pay, and from all the sotck holders holding the preferred stock, 40 per cent., and enough of them signed this agreement, so that the creditors concluded to accept that- amount and proceed no further and waive all matter of error up to that time, and that that settlement decree be a final decree so far as they were concerned in the case. But one creditor was not included in the arrangement, and there was considerable litigation to determine whether or not he was bound by the agreement; but it is settled now, and not involved therefore in this case, that he was not bound by the compromise decree. He took however some payments that were made, under this compromise agreement, but he says he took those, not knowing of the compromise agreement, and accepted them as though his claim was simply being paid up by reason of some decree, but that bears on the question whether he is bound or not, and has no place here.
He now seeks to recovar from the stockholders his claim, and the question in dispute is simply this: He says that now his claim can be paid in full, although, if all the debts were paid in full, the stock would not pay them; yet, certain of the stock holders having paid off a number of the *532 creditors for less than they would have been entitled to if the full amount of their claims had been paid, there is now left enough to pay his claim in full, providing all the stock holders who are solvent are assessed up to the full amount, of their stock, and his claim is that he is entitled to have such an assessment made upon the solvent stockholders of his company as will pay his claim, if not in full, as nearly as the full assessment of all the stock will go to paying it, but there is no doubt but what it will pay it. On the other hand, it is claimed that the facts in this case are" such as that he could not in any event get more than his pro rata share with other creditors,and the facts are such now that it shows that he is not really entitled to as much as the others got, at least not any more, and we are to follow one or the other of these theories, or else take a middle course some where. Now, we take a middle course. We do it on this theory: This action against the stock holders is a joint action. When you come to a judgment that is a several judgment, but the action is joint, and the creditors and stock holders should all be kept together in a case of this kind until there is a final conclusion as to all, and final judgment, and the joint interest of the creditors and stockholders is the real basis of the decree that should be made in such a case,although that decree, when made,is made several as to the' various stock holders, I need not discuss why this is so. It is enough to say that our supreme court has so held repeatedly. We should therefore treat the claim of Mr. Ferris as though every other creditor was in this suit uncompromised, because he can not acquire any new rights by reason of a settlement of the others. The fact,that one man says I will take less than my claim, can not increase the amount that another can claim in a joint action of this character.
We therefore will allow this decree to proceed in this manner. Mr. Ferris may now have whatever he would be *533 entitled to were all the other creditors yet in this action, and the amount that each one would be entitled to, would be the amount of his original claim with interest on it up ■■ to the present time, or any time that you may fix for this ■ decree to take effect, the first day of the term. That is all ■ we think he is entitled to in this case. That can be ar- - rived at by computing the interest on every claim as I have stated, by computing the interest on the full amount of stock of every solvent stock holder, whether of the common stock. or preferred stock, from the time this action was commenced up to the time of the decree. Now, as counsel say, and I have not looked over the figures to see if that is true, that that would not be enough to pay all those creditors in > full, it would fall short of that. That seems to be agreed in the case. That being true, each creditor would get less than his claim, but each creditor would get the same per1 cent of his claim. Whatever that per cent, is, it would be ascertained by dividing the amount of stock and interest on it from the time of the suit and by dividing the amount of' tbe claims and interest, you get the per cent, each man could obtain on his claim. That percent, in this case Mr. Ferris is entitled to, and in making this computation, it is: necessary to taxe all the solvent stock holders as found by the referee in the last report, the one we have before us,-, bringing it up substantially to the present time. I see that he has found that all the stock holders that were found solvent in 1884 are still solvent, and then he adds a list to-that, and in determining the present or the amount that M!r. Ferris is entitled to in this case, you will take all the-solvent stock holders, those who were solvent in 1884, and those who are solvent now, that will increase the amount he recovers somewhat. Not a great deal over what he would-' have recovered if he were in in 1884, but his claim has; never been adjudicated, the amount has never been determined,and we are determining it as to him the first time now,-. *534 and his claim must therefore be determined upon the basis ■of the solvent stock holders at this time. That settles the rule as we lay it down, for the amount that he can recover.
But from whom shall he recover this? There are three classes-of solvent stock holders according to the referee’s reports. We are not counting any insolvent stock holders at all, but there are three classes of solvent stock holders. Those who have paid nothing, which I presume includes all that he has added that are now solvent, and that were not solvent in 1884, and it includes some who signed the compromise agreement but dil not pay under it, as he states in his report. I shall put together in class one those who ■have not paid anything. Then there is a class holding preferred stock that never paid anything but 40 per cent. Then here is a class holding common stock that have paid '75 per cent, of their stock. These are the three classes. Evidently it woud be inequitable between these stock holders to require them to pay all equally on this Ferris claim, and it is better for us to adjust this among the stock holders than to have the sto;k holders have future litigation and adjust it among themselves, for future litigation would ■be such that no one would undertake to pursue it. It would lead to a multiplicity of suits, and therefore we will undertake to adjust it here. Now, then, those who have paid none, if we would require them to pay until they have paid ■as much as those who paid 75 percent., it would be inequitable to require them to pay that much while there are others that have only paid 40 per cent. If we require them to pay the 40 per cent., and then put the 40 per cent, into the ■other class, and require the two classes to pay until they ■have paid the same per cent, on their stock as those who ■paid 75 per cent., those who have paid 40 per cent would •say that is inequitable, for it is taking away from us the advantages we got over those who paid 75 per cent.; it is staking away from us the advantages we got under the com *535 promise decree, and therefore it is inequitable as to us.
This question has bothered us a good deal, and I am not surprised the attorneys got bothered when they come to draw their decree, but we have to make some rule, and so we have made this rule: Take all the stock holders who have^paid 40 per cent., and say, there is 100 of them, and multiply that to see how much they have paid. Suppose they paid 20 dollars on each share, that would make 20 times 100. Then there are the common stock holders that have paid 75 per cent. Take the shares of stock that paid 75 per cent, and multiply it by the amount that each share paid. 75 per cent, of 50 dollars. Multiply it by that. Now, add together, what the 40 per cent, men paid and what the 75 per cent, men paid and divide it by the whole number of shares that paid, common and preferred, and that will give the average that those parties paid. Draw the decree so that those who have paid nothing, of the solvent stock holders, shall pay up until they reach that average; then add all that is required beyond that to be paid, pro rata on each share of preferred and common until Mr. Ferris’ debt is paid
I don’t know how you draw your decrees here in this ■county. They vary in almost every county. I suppose that Mr. Paxton’s client should not be required to take upon himself the loss of any of those stock holders who can not pay. I suppose there is a few of those new ones that have been added from whom you can not collect. Now his client .should not be required to pay that loss, because all these ■parties are sureties for the payment of his claim, and he has • a right to look to them for it, and if he can not make one surety pay it he'ought to be able to make another, and make provision in your decree according to the way you draw those decrees in this county for a condition of that kind. In some counties they draw it so, if they can not collect •after making due process of Jaw upon them, and proper *536 effort, that then the amount that one should have paid will, be collected of the other stock holders.
Paxton, Warrington & Boutet, for John Ferris.
Gorman & Thompson, for Stockholders.
It is very difficult to get.a decree of this kind, however, that is definite and certain as to how much each man should pay, but do that in your accustomed way here in this-county, whatever it is.